1  OTTO O. LEE, CA Bar No. 173987
   olee@iplg.com
2  KEVIN VIAU, CA Bar No. 275556
   kviau@iplg.com
3  BONNIE J. WOLF, CA Bar No. 284872
   bonniewolf@iplg.com
4  INTELLECTUAL PROPERTY LAW GROUP LLP
   12 South First Street, 12th Floor
5  San Jose, California 95113
   Telephone: (408) 286-8933
6  Facsimile: (408) 286-8932

7  *Attorneys for Plaintiff*

8

9            **IN THE UNITED STATES DISTRICT COURT**

10         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11
   ARCSOFT, INC., a California corporation,          Case No.:
12
                Plaintiff,                           **COMPLAINT FOR DAMAGES AND**
13                                                   **INJUNCTIVE RELIEF**
                v.
14                                                   **DEMAND FOR JURY TRIAL**
   CYBERLINK CORP., a Taiwan, R.O.C.
15 corporation, PERFECT CORP., a California
   corporation, and PERFECT CORP., a Cayman
16 Islands corporation,

17              Defendants.

18

19         ArcSoft, Inc., for its Complaint against Defendants CyberLink Corp. (a Taiwan, R.O.C.

20 corporation), Perfect Corp. (a California corporation), and Perfect Corp. (a Cayman Islands

21 corporation), hereby alleges as follows:

22                                    **PARTIES**

23         1.      Plaintiff ArcSoft, Inc. ("ArcSoft") is a corporation organized and existing under the

24 laws of the State of California, with its principal place of business at 46601 Fremont Boulevard,

25 Fremont, California, 94538.

26         2.      On information and belief, Defendant CyberLink Corp. ("CyberLink") is a corporation

27 organized and existing under the laws of Taiwan, R.O.C., with its principal place of business at 15Fl,

28 #100, Minquan Rd, Xindian Dist, New Taipei City 231, Taiwan, R.O.C.

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT
                                         1

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

3.      On information and belief, Defendant Perfect Corp. ("Perfect CA") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1073 South Winchester Boulevard, San Jose, California 95128.

4.      On information and belief, Defendant Perfect Corp. ("Perfect CI") is a corporation organized and existing under the laws of the Cayman Islands, with its principal place of business at Oleander Way, 802 West Bay Road, P.O. Box 32052, Grand Cayman KY1-1208, Cayman Islands.

5.      CyberLink, Perfect CA, and Perfect CI shall also be referred to individually as a "Defendant," and the named "Defendants" herein.

## JURISDICTION

6.      This is a civil action presenting claims for trademark infringement, unfair competition, trade dress infringement, and dilution under the trademark laws of the United States, the Lanham Act, 15 U.S.C. § 1051, *et seq.* Thus, the Court has subject matter jurisdiction over the claims of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

7.      Further, this civil action presents claims for trademark infringement, unfair competition, and dilution under the laws of the State of California and common law. The California state law and common law claims alleged herein arise under the same nucleus of operative facts as the federal causes of action, and therefore are part of the same case or controversy as the federal causes of action. Accordingly, the Court has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367.

8.      The Court has personal jurisdiction over Defendants because each Defendant has maintained certain minimum contacts with California such that the exercise of jurisdiction over each Defendant would not offend traditional notions of fair play and substantial justice. As alleged herein, each Defendant has transacted significant business and committed acts of infringement and unfair competition giving rise to this suit in the State of California and in this District.

## VENUE AND INTRADISTRICT ASSIGNMENT

9.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(1) because each Defendant has maintained significant contacts with this District, such that each Defendant is subject to personal jurisdiction, and thus resides, in this District.

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

10. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants have transacted significant business, including under infringing trademarks, in this District and committed significant acts of trademark infringement, unfair competition, and dilution in this District. A substantial part of the events giving rise to this action have thus occurred in this District.

11. Venue in this District is also proper pursuant to 28 U.S.C. §§ 1391(b)(3) because Perfect CA maintains its principal place of business, and thus resides and is subject to personal jurisdiction, in this District, and because each Defendant is subject to personal jurisdiction within this Court and District.

12. This is an Intellectual Property Action subject to district-wide assignment in San Francisco, Oakland, or San Jose pursuant to Civil Local Rule 3-2(c).

**FACTUAL BACKGROUND**

**ArcSoft and Its Intellectual Property**

13. ArcSoft is a corporation engaged in developing photo and video imaging software. Founded in 1994, ArcSoft has grown into a highly successful and innovative global leader in the imaging software industry with over 800 employees worldwide. ArcSoft maintains its headquarters in Fremont, California and facilities throughout Asia and Europe.

14. ArcSoft's cutting-edge image-processing and editing software is found in smartphones, tablets, personal computers, digital cameras, and other electronic devices throughout the United States and the world. Features and technologies developed by ArcSoft in its software include, *inter alia*, enhanced photo and video capture, face detection, tracking, and recognition, gesture recognition, identification and interpretation of objects and scenes contained within images, stereoscopic (3D) imaging, and video and photo editing and retouching.

15. ArcSoft partners with many of the world's leading device companies including, among others, Samsung, Sony, Canon, Motorola, Olympus, LG, HP, Lenovo, and Dell, to provide its software and technologies embedded in more than 1.5 billion smart devices worldwide.

16. ArcSoft also produces and provides popular direct-to-consumer applications ("apps"; singular, "app") and software for smart devices and consumer electronics featuring its image-

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

processing and editing technologies, as well as cloud-based imaging software and services. Throughout its history, ArcSoft has been at the vanguard of technological development related to improving the capabilities of digital cameras and developing imaging software. Simply put, wherever a smart device or consumer electronic containing a camera may be found, chances are it already features or is using ArcSoft's high-quality software or apps.

17. Among ArcSoft's popular direct-to-consumer apps is its well-known photo-editing app which it markets, offers, provides, and sells under the registered trademark Perfect365®. ArcSoft's Perfect365® app is more specifically a free digital makeup, personal styling, beautification, and self-portrait photo ("selfie") editing application, and is available on the iOS operating system for iPhone and iPad, Android operating system for Android smartphones and tablets, Windows Phone operating system for Windows Phones, and Windows operating system for personal computers.

18. The selfie has exploded in popularity over the last several years and given rise to a cultural phenomenon as millions of smart device users of all ages around the United States and the world have extended their devices at arm's length to capture flattering photos of themselves. ArcSoft's fun-to-use Perfect365® app enabling those millions of users to edit and beautify their selfies has itself become a sensation alongside the selfie. True and correct screenshots of ArcSoft's Perfect365® app as it is listed on the Apple iOS App Store, Google Play app store for Android, and Microsoft Store for Windows Phone apps are attached hereto as Exhibit A. True and correct screenshots of ArcSoft's Perfect365® app page from its website arcsoft.com are attached hereto as Exhibit B.

19. Through its extensive use and registration of the trademark Perfect365®, ArcSoft is the owner of the said trademark in connection with photo-editing and processing and imaging applications and software. ArcSoft first used the Perfect365® trademark in commerce in connection with its imaging app and software goods and services, including both downloadable and non-downloadable software, at least as early as November 2, 2011, and has used the mark continuously with such goods and services since that date.

20. ArcSoft filed an intent-to-use application with the United States Patent and Trademark Office ("USPTO") for the trademark Perfect365® in standard characters on August 24, 2011. ArcSoft

registered the Perfect365® trademark with the USPTO on July 3, 2012 under Registration No. 4,169,330 in connection with the goods and services "Computer software for creating, manipulating and processing digital content" in International Class 009, and "Hosting of digital content on the Internet; Providing online non-downloadable software for creating, manipulating, processing, transferring, uploading, and downloading digital content" in International Class 042. ArcSoft thus obtained priority rights in the Perfect365® trademark in standard characters dating to at least as early as August 24, 2011. A true and correct copy of the certificate of registration for ArcSoft's Registration No. 4,169,330 is attached hereto as Exhibit C.

21.     ArcSoft also filed an application with the USPTO for a design trademark consisting of the wording "Perfect365" and the image of a human face on December 7, 2011. ArcSoft registered this Perfect365® design mark with the USPTO on April 10, 2012 under Registration No. 4,125,648 in connection with the goods and services "Computer software for creating, manipulating and processing digital content" in International Class 009, and "Hosting of digital content on the Internet; Providing online non-downloadable software for creating, manipulating, processing, transferring, uploading, and downloading digital content" in International Class 042. A true and correct copy of the certificate of registration for ArcSoft's Registration No. 4,125,648 is attached hereto as Exhibit D.

22.     ArcSoft's Registration Nos. 4,169,330 and 4,125,648 are valid and subsisting, and constitute *prima facie* evidence of the validity of the Perfect365® trademark shown therein, ArcSoft's ownership of the Perfect365® trademark, and ArcSoft's exclusive right to use the Perfect365® trademark in the United States in connection with the identified goods and services.

23.     The Perfect365® trademark in standard characters and design form shown in Registration Nos. 4,169,330 and 4,125,648 respectively, and used in commerce by ArcSoft since at least as early as November 2, 2011 in connection with the above-described photo-editing and imaging app and software goods and services, shall be referred to herein as the "Perfect365® Mark." The downloadable application and software goods and digital content hosting and non-downloadable software services with which ArcSoft uses the Perfect365® Mark shall be referred to herein in short form as the "Perfect365® App."

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

24.     The Perfect365® Mark is inherently distinctive as used in connection with ArcSoft's photo-editing and imaging software goods and services, as established by the USPTO's issuance of Registration Nos. 4,169,330 and 4,125,648 on the Principal Register without any showing of secondary meaning. Additionally, by virtue of ArcSoft's extensive and continuous use, promotion, and registration of the Perfect365® Mark in connection with its goods and services, ArcSoft has established significant acquired distinctiveness and goodwill in the Perfect365® Mark. On information and belief, a significant portion of consumers readily identify the mark and the term "Perfect" with ArcSoft and its high-quality selfie-editing app and imaging software goods and services. Indeed, ArcSoft has enjoyed tremendous success in the use and promotion of its Perfect365® Mark and goods and services thereunder as over 60 million consumers worldwide have downloaded and used its Perfect365® App for iOS, Android, Windows Phone, and Windows desktop. Around 20 million of those users of ArcSoft's Perfect365® App are located in the United States. ArcSoft's extraordinary success has resulted from not only the quality of its goods and services (the Perfect365® App has received user reviews averaging over four out of five stars among the thousands of total reviews posted), but also from the strength of its well-known brand developed in connection with its goods and services as ArcSoft has expended considerable time, effort, and money in advertising and promoting its Perfect365® Mark.

25.     ArcSoft has attained widespread and favorable consumer recognition of its Perfect365® Mark throughout the United States. ArcSoft advertises, markets, promotes, offers, and provides the Perfect365® App to consumers throughout the geographic extent of the United States, and through multiple platforms, including the Apple App Store, Google Play app store, Microsoft Store for Windows Phone and desktop apps, Facebook, Twitter, and Instagram. The Perfect365® Mark has also been used pervasively through the geographic expanse of the United States as around 20 million users located throughout the country have downloaded and used the app. Additionally, on information and belief, the Perfect365® App counts many of the United States' and world's most famous celebrities among its dedicated users. The famous Kardashian family, including Kim Kardashian, Kendall Jenner, and Kylie Jenner (perhaps the world's foremost authorities on the selfie photo), reportedly use the Perfect365® App to edit their widely-consumed selfies. On information and

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

belief, this use by such world famous celebrities has dramatically amplified the already high general consumer recognition of the Perfect365® Mark and App. On account of the wide extent of use by the general consuming public of the Perfect365® App, the use by world famous celebrities of the app, and the high quality of the app itself, ArcSoft's Perfect365® App has also been recognized and featured in many of the most famous and widely-circulated publications in the United States. The Perfect365® App has been featured, and its virtues extolled, in such publications as The New York Times, The Washington Post, The Huffington Post, The Daily Mail, Allure magazine, TechCrunch, PCWorld, and VentureBeat. On information and belief, such articles featuring, recognizing, and mentioning the Perfect365® App are indicative of and have further amplified the widespread recognition of the Perfect365® Mark by United States consumers generally. Thus, the Perfect365® Mark is famous amongst the general consuming public of the United States.

26.     ArcSoft further owns distinctive and nonfunctional trade dress in the look and design of its Perfect365® App. The elements of ArcSoft's trade dress are as follows:

a.     The Perfect365® App features a distinctive purple color scheme, which is featured throughout the app, including without limitation on the app home screen, load screens within the app, and screens within the app for taking and editing selfies.

b.     This distinctive purple color scheme is also reflected in the unique app icon for the Perfect365® App, which is also a key element of ArcSoft's trade dress. The app icon is predominantly a deep purple color, with different shades of purple at the edges, and features a prominent flower design and human face design in color white. The wording "Perfect365" appears at the bottom of the app icon when the app is downloaded to a smart device.

c.     ArcSoft's Perfect365® Mark is also a critical feature of ArcSoft's trade dress. The mark is displayed on the app icon, the app load page in color purple, and on screens within the app including without limitation the app home screen.

d.     One of the key features of the Perfect365® App itself and trade dress associated therewith is the distinctive (in function and form) photo-taking feature, which utilizes the smart device's camera within the app to enable the user to easily take and edit selfies all within the confines of the app. The Perfect365® App's photo-taking function features a circular shutter button at

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

1  the bottom of the screen comprised of an inner white circle surrounded by distinctive circular bands

2  in ArcSoft's purple.

3        e.    Another key feature of ArcSoft's Perfect365® App and associated trade dress

4  is the photo-editing and beautification function of the Perfect365® App. This function features, *inter*

5  *alia*, icons reflecting selfie-editing options (*e.g.*, for editing "Blemishes," "Blush," and eye features)

6  at the bottom of screen in ArcSoft's distinctive purple when selected, over a white rectangular band.

7        f.    True and correct screenshots from ArcSoft's Perfect365® App and Apple App

8  Store and Google Play app store listings therefor showing the above-described trade dress elements

9  are attached hereto as Exhibits E and A. The above-described trade dress shall be referred to herein as

10  the "Perfect365® Trade Dress."

      27.    The above-described trade dress is inherently distinctive as the unique design of

11  ArcSoft's Perfect 365® App. Additionally, on information and belief, the trade dress has acquired

12  distinctiveness in the minds of consumers. ArcSoft began using its trade dress in commerce on or

13  about November 2, 2011 in connection with its popular Perfect365® App. Through ArcSoft's

14  extensive and continuous offer, sale, provision, promotion, and/or advertisement of its popular app

15  under the trade dress since that date, and otherwise through the use in commerce of the trade dress in

16  connection with ArcSoft's Perfect365® App starting November 2, 2011 and continuing through the

17  present, the trade dress has become and is readily associated in the minds of consumers with ArcSoft

18  and its smart device app for selfie and photo editing and beautification. Indeed, ArcSoft has

19  successfully marketed, offered, and provided its app under its trade dress to around 20 million

20  downloaders and users in the United States. Thus, on information and belief, a significant portion of

21  consumers and persons within the relevant industry associate and understand the Perfect365® Trade

22  Dress as an indicator of source of ArcSoft's popular app.

23        28.    Further, ArcSoft's trade dress is not functional. The elements which comprise the

24  Perfect365® Trade Dress consist strictly of ArcSoft's trademarks and the aesthetic design of the

25  Perfect365® App, and do not contribute to or improve the functionality of the app or affect the cost or

26  quality of the app. ArcSoft has not advertised the utilitarian advantage of its app design, and there are

27

28

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

1  an infinite number of available alternative commercially feasible designs for similarly functioned

2  apps for selfie and photo editing and beautification.

3  **Defendants' Infringing Activities**

4  29.     CyberLink is a late-coming competitor to ArcSoft in the photo-editing and imaging

5  software industry. While ArcSoft has been developing imaging software since 1994, on information

6  and belief, CyberLink has been developing such software only since around 2011. On information

7  and belief, CyberLink offers a very similar line of imaging software and apps as offered by ArcSoft,

8  also similarly available on smart devices through multiple platforms including iOS and Android

9  operating systems.

10  30.     Recently, ArcSoft has become aware that CyberLink has, without authorization and in

11  contravention of ArcSoft's rights, developed, produced, marketed, offered, provided, and/or sold

12  photo-editing and imaging software and apps under trademarks and designations which are

13  confusingly similar to ArcSoft's Perfect365® Mark, App, and Trade Dress.

14  31.     Notwithstanding ArcSoft's prior and well-established rights in the registered

15  Perfect365® Mark, CyberLink adopted and has used in commerce the confusingly similar mark

16  YouPerfect in connection with software and applications for image and photo editing, retouching, and

17  post-producing for use on personal computers, mobile phones, and portable electronic devices.

18  CyberLink filed an intent-to-use application to register the YouPerfect mark in standard characters

19  with the USPTO for such goods in International Class 009 under Serial No. 86/123,781 on November

20  20, 2013, well after both registrations for ArcSoft's Perfect365® Mark had already issued. CyberLink

21  thus had at least constructive notice of the Perfect365® Mark upon adoption of the infringing

22  YouPerfect mark. On information and belief, CyberLink has used the YouPerfect mark in commerce

23  only since February 20, 2014 at the earliest, well after ArcSoft began using its Perfect365® Mark.

24  ArcSoft thus owns priority rights in its mark over CyberLink.

25  32.     Despite ArcSoft's prior rights, the USPTO registered CyberLink's YouPerfect mark

26  on March 31, 2015 under Registration No. 4,713,490. This registration has caused, and will continue

27  to cause, ArcSoft harm as consumers will be confused and deceived into thinking CyberLink owns

28  exclusive rights in the YouPerfect mark, when in fact CyberLink can assert no legitimate rights in the

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

1 mark as the mark is confusingly similar to and infringes ArcSoft's exclusive right to use the prior

2 Perfect365® Mark. The continued registration of the YouPerfect mark will also confuse and deceive

3 consumers into believing a connection or association exists between CyberLink and ArcSoft, when in

4 fact none exists.

5         33.     On information and belief, on or about February 2, 2015, CyberLink launched Perfect

6 CA as its subsidiary company and agent to focus, under CyberLink's direction, instruction, and

7 control, upon developing digital makeup, personal styling and beautification, and selfie-editing

8 applications for smart devices. A true and correct copy of a press release issued by CyberLink

9 describing the launch of Perfect CA, and of a status printout from the California Secretary of State

10 business entity database for Perfect CA are attached hereto as Exhibit F.

11         34.     Notwithstanding ArcSoft's prior and well-established rights in the registered

12 Perfect365® Mark, CyberLink, both directly and through its subsidiary, and Perfect CA have used the

13 trademark YouCam Perfect in commerce in connection with photo-editing and imaging software,

14 namely, a digital makeup, personal styling and beautification, and selfie-editing app available on iOS

15 through the Apple App Store and Android through the Google Play app store. True and correct

16 screenshots of the YouCam Perfect app as it is listed on the Apple iOS App Store and Google Play

17 app store are attached hereto as Exhibit G.

18         35.     On information and belief, the YouCam Perfect branded app is functionally identical

19 to the Perfect365® App as it features capabilities and functions for selfie editing and retouching,

20 personal styling, digital makeup application, and photo beautification, just as the Perfect365® App

21 does. On information and belief, CyberLink and Perfect CA have used the YouCam Perfect mark in

22 connection with this app since only as early as April 2014, well after ArcSoft registered the

23 Perfect365® Mark and after the Perfect365® Mark and App had become immensely popular and

24 famous among the general consuming public of the United States. ArcSoft thus is the senior user and

25 owns priority rights in its Perfect365® Mark over CyberLink and Perfect CA. Defendants' YouCam

26 Perfect branded app and listing therefor also use a purple color scheme highly similar to that used by

27 ArcSoft in the marketing of its Perfect365® App and the app itself.

28

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

36.     CyberLink and Perfect CA have also used the mark PERFECT, on its own, in the marketing, promotion, offer, provision, and/or sale of its YouCam Perfect branded app, including on their website perfectcorp.com and business cards. True and correct screenshots of the YouCam Perfect app page from the said Defendants' websites perfectcorp.com and cyberlink.com are attached hereto as Exhibit H. A true and correct photocopy of Perfect CA's business card showing use of the PERFECT mark is attached hereto as Exhibit I. On information and belief, CyberLink and Perfect CA have used the PERFECT mark in commerce since no earlier than February 2, 2015, years after ArcSoft established priority rights in and registered its Perfect365® Mark.

37.     Perfect CI, on information and belief, also a subsidiary of CyberLink acting under the control and instruction of CyberLink, applied for the mark PERFECT in standard characters with the USPTO on May 15, 2015 under Serial No. 86/630,610 based upon an intent to use the mark in connection with the goods "Computer and mobile device software and software application development tools for photo taking, make-up and social networking, building social networking applications and for allowing data retrieval, upload, access and management; computer and mobile device software and software application program for photo taking, make-up and social networking, building social networking applications and for allowing data retrieval, upload, access and management" in International Class 009.

38.     Perfect CI further applied for a design mark consisting of the wording "PERFECT" and three overlapping circles in colors fuchsia, purple, and blue with the USPTO on May 22, 2015 under Serial No. 86/638,685 based upon an intent to use the mark in connection with the goods "Computer and mobile device software and software application development tools for photo taking, make-up and social networking, building social networking applications and for allowing data retrieval, upload, access and management; computer and mobile device software and software application program for photo taking, make-up and social networking, building social networking applications and for allowing data retrieval, upload, access and management" in International Class 009. True and correct copies of the applications filed with the USPTO for Serial Nos. 86/630,610 and 86/638,685 are attached hereto as Exhibit J.

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

39.     Application Serial Nos. 86/630,610 and 86/638,685 are currently pending before the USPTO. Registration of the marks shown in these applications would cause ArcSoft significant harm as consumers will be confused and deceived into thinking Perfect CI owns exclusive rights in these marks, when in fact Perfect CI can assert no legitimate rights in the marks as the marks are confusingly similar to and infringe ArcSoft's exclusive right to use the prior Perfect365® Mark. The registration of the these marks will also confuse and deceive consumers into believing a connection or association exists between Perfect CI and ArcSoft, when in fact none exists.

40.     On information and belief, Perfect CI has used the marks shown in Serial Nos. 86/630,610 and 86/638,685 in commerce on the website perfectcorp.com in connection with the promotion, advertisement, and offer of the YouCam Perfect branded app as well as other photo-editing and imaging software and apps, in concert with CyberLink and Perfect CA. On information and belief, Perfect CI has used such marks in commerce since no earlier than February 2, 2015, years after ArcSoft established priority rights in its Perfect365® Mark. ArcSoft thus owns priority rights in its mark over Defendant.

41.     The YouPerfect, YouCam Perfect, and PERFECT marks used and applied for with the USPTO by Defendants shall be referred to herein collectively as the "Infringing Marks."

42.     CyberLink and Perfect CA have further, without authorization, adopted and used in commerce trade dress, including without limitation on the YouCam Perfect app, which is highly similar to and likely to cause confusion with the Perfect365® Trade Dress. The YouCam Perfect app incorporates trade dress design and aesthetic elements which are very similar to the Perfect365® Trade Dress including, *inter alia*, a purple color scheme almost identical to that of the Perfect365® Trade Dress, a similar app icon featuring ArcSoft's distinctive purple and similar flower design, an aesthetically similar photo-taking function and shutter button featuring ArcSoft's distinctive purple, and an aesthetically similar photo-editing function featuring ArcSoft's distinctive purple. True and correct screenshots from the YouCam Perfect app and Apple App Store and Google Play app store listings therefor showing the above-described trade dress elements are attached hereto as Exhibits K and G. The above-described trade dress used in connection with the YouCam Perfect app shall be

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

referred to herein as the "Infringing Trade Dress." Representative side-by-side comparisons of the

Perfect365® Trade Dress and the Infringing Trade Dress are shown as follows:

| Perfect365® Trade Dress | Infringing Trade Dress |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

Apps running simultaneously on iPhone iOS (Perfect365® App at left of both images, YouCam Perfect app at right):

 

43.     On information and belief, Perfect CA and Perfect CI are subsidiaries of CyberLink. On information and belief, CyberLink so dominates and controls, and has so dominated and controlled since formation of the companies, Perfect CA and Perfect CI as to render them mere instrumentalities and agents of CyberLink. On information and belief, CyberLink, Perfect CA, and Perfect CI share the same or substantially the same stockholders, directors, and officers, and engage in the same enterprise. For instance, on information and belief, Alice Chang is the Chief Executive Officer of all three companies and signs documents, including those submitted to the USPTO concerning accused marks in this action, on their behalves. On information and belief, the companies also share the same phone number and email address. To allow Defendants to uphold their separateness would permit a fraud and injustice against Plaintiff, so that each of the Defendants is and should be considered as the agent and alter ego of each other, and accordingly each is and should be liable for the conduct of each other as alleged herein.

44.     Further, on information and belief, CyberLink, Perfect CA, and Perfect CI participate and cooperate with each other in concert to market, advertise, promote, offer, provide, and sell goods or services under the Infringing Marks and Infringing Trade Dress, apply for trademarks under the Infringing Marks, and otherwise contribute to infringement of ArcSoft's rights, such that each is

jointly and severally liable for the actions by the others in respect of the Infringing Marks and Infringing Trade Dress alleged herein. Additionally, on information and belief, Defendants have induced each other to commit the unlawful acts relating to use of and application for the Infringing Marks and Infringing Trade Dress alleged herein, including without limitation by directing and instructing the other Defendants to offer, sell, provide, promote, and advertise goods or services under the Infringing Marks and Infringing Trade Dress, apply for the Infringing Marks with the USPTO, and otherwise to use the Infringing Marks and Infringing Trade Dress in commerce. Each named Defendant is thus liable for the unlawful conduct of the Defendants described herein.

45.    On information and belief, Defendants have marketed, promoted, offered, provided, and made significant sales of products or services, namely, software and apps and ads thereon and therefor, under the Infringing Marks and Infringing Trade Dress to consumers located within the State of California and within this District. On information and belief, Defendants' infringing YouCam Perfect app has been downloaded and used by a significant number of users located within the State of California and this District. On information and belief, Defendants' website perfectcorp.com, on which Defendants market and offer the infringing YouCam Perfect app and use the infringing PERFECT mark, is accessed by a significant number of consumers located in the State of California and this District, and Defendants interact and do business with such consumers through such website, including by the download of Defendants' apps through the website, by the provision of an online community called the Beauty Circle by which Defendants engage in commerce with consumers and facilitate purchase and sale of products by consumers in connection with the YouCam Perfect app through the website, and by direct consumer communication through the website. On information and belief, Defendants have done significant business with beauty brands and other advertisers for the sale of ads and other promotional material on the YouCam Perfect app in the State of California and this District, and have thus conducted significant commercial activities and obtained significant revenues and profits in and from the State of California and this District derived specifically from the unlawful actions giving rise to this suit.

46.    On information and belief, Defendants have adopted, used, and attempted to register the Infringing Marks and Infringing Trade Dress with actual knowledge of ArcSoft's prior

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

1   Perfect365® Mark, App, and Trade Dress on account of the fact, among others, that the parties are

2   competitors, and intended and intend through such adoption, use, and attempted registration to trade

3   upon and usurp the considerable goodwill ArcSoft has established in its mark and trade dress and

4   thereby cause confusion amongst consumers. At the very least, Defendants adopted and have used the

5   Infringing Marks and Infringing Trade Dress with constructive knowledge of ArcSoft's Perfect365®

6   Mark because Defendants' first use of and application for the said marks and trade dress occurred

7   well after ArcSoft registered the Perfect365® Mark with the USPTO. Defendants, on information and

8   belief, having seen ArcSoft's app on the market and its phenomenal success, designed their app and

9   adopted and have used marks and trade dress with the intent to replicate ArcSoft's Perfect365® App,

10  Mark, and Trade Dress in order to trade upon ArcSoft's significant goodwill and thus willfully

11  infringe the Perfect365® App, Mark, and Trade Dress.

12  <u>**Actual and Likely Confusion, and Damage to ArcSoft**</u>

13      47.     Defendants have indeed already succeeded in causing actual confusion with ArcSoft

14  amongst consumers and in the relevant industry by their use of the Infringing Marks and Infringing

15  Trade Dress. On July 11, 2015 at the BeautyCon LA beauty and styling tradeshow held in Los

16  Angeles, California, ArcSoft's Director of Business Development Vincent Hsu was promoting the

17  Perfect365® App. Mr. Hsu sought to foster potential partnership opportunities with beauty and

18  cosmetic brand companies at the tradeshow as ArcSoft frequently works with such companies on

19  sponsored looks and featured ads contained within the Perfect365® App. When Mr. Hsu approached a

20  representative for the Laura Geller Beauty brand at the tradeshow to describe the Perfect365® App

21  and its features and capabilities, the representative (curiously at the time) expressed to Mr. Hsu that

22  Arcsoft's Perfect365® team had already approached her to market their app, and even provided her

23  with a PowerPoint presentation. Mr. Hsu was quite perplexed in that he knew Arcsoft had never

24  approached the Laura Geller Beauty representative previously. The representative then showed Mr.

25  Hsu the PowerPoint presentation on her phone, which was in fact a presentation of Defendants'

26  YouCam Perfect branded app created "by Perfect." It became immediately apparent to Mr. Hsu that

27  the representative had been confused by Defendants' presentation and use of the Infringing Marks

28  and Infringing Trade Dress into believing that Defendants' app was actually sponsored by, affiliated

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

16

with, or originated by ArcSoft. Mr. Hsu explained the differences between the parties and their respective apps. Upon a follow up email, the Laura Geller Beauty representative promised that she would not again confuse ArcSoft's Perfect365® App with Defendants' YouCam Perfect app.

48.     On information and belief, app users and general consumers have also been actually confused by Defendants' use of the Infringing Marks and Infringing Trade Dress. On information and belief, such app users and consumers have made postings online, including, *inter alia*, on the photo-sharing social network Instagram, inquiring whether the YouCam Perfect app is sponsored by or affiliated with ArcSoft and mixing up the YouCam Perfect app with the Perfect365® App. On information and belief, many of the actual consumers so confused have had negative experiences and associations with the YouCam Perfect app, which has harmed the goodwill, reputation, and distinctiveness of the Perfect365® App and Perfect365® Mark as such consumers have been deceived into thinking the YouCam Perfect app is sponsored by ArcSoft when it is not.

49.     ArcSoft has never in any way authorized Defendants to use, copy, or otherwise reproduce its Perfect365® Mark or Perfect365® Trade Dress. Neither Defendants nor their app are sponsored by or affiliated with ArcSoft or its Perfect365® App.

50.     Defendants' intentional use of and application for the Infringing Marks, which incorporate the dominant "Perfect" feature of ArcSoft's mark in its entirety, in connection with goods and services identical to those offered by ArcSoft under its Perfect365® Mark, is likely to cause and in fact has actually caused confusion and deception among consumers and in the relevant industry. Further, Defendants' use of trade dress highly similar to the Perfect365® Trade Dress in the YouCam Perfect app for identical goods and services offered through identical channels to the same class of consumers is also likely to cause, and on information and belief, has actually caused, confusion regarding the source and nature of Defendants' goods and services, or as to the sponsorship, endorsement, affiliation, or connection of Defendants' goods and services by or with ArcSoft. Consumers are likely to believe that Defendants' goods and services are authorized by or come from ArcSoft, when they are not and do not. Consumers have already been actually confused and deceived.

51.     The facts that the parties' goods and services directly compete with each other and are offered through identical channels including the Apple App Store and Google Play app store only

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

highlight and exacerbate the confusion likely to result from Defendants' use of the Infringing Marks and Infringing Trade Dress. In fact, Defendants' YouCam Perfect app comes up immediately alongside ArcSoft's Perfect365® App on searches for both "Perfect365" and "Perfect" on the Google Play app store. True and correct screenshots showing search results for "Perfect365" and "Perfect" on the Google Play app store are attached hereto as Exhibit L.

52.    Defendants' use of the Infringing Marks in connection with an app identical to that offered under ArcSoft's famous Perfect365® Mark will further harm ArcSoft by blurring the distinctiveness of ArcSoft's famous mark. Use by Defendants of the confusingly similar Infringing Marks in connection with identical goods or services can in fact only result in diminution of the considerable distinctiveness, goodwill, and favorable recognition established in the minds of the general consuming public in the famous Perfect365® Mark. On information and belief, Defendants' use, promotion, and advertisement of the Infringing Marks has been done with the willful intent to trade upon the goodwill associated in the minds of consumers with the famous Perfect365® Mark.

53.    As a result of Defendants' unlawful actions alleged hereinabove, ArcSoft has suffered damage in the form of, *inter alia*, lost revenues, profits, and ad sales in an amount exceeding $75,000 and to be proven at trial, and lost downloads and users of its app. ArcSoft has further suffered harm for which it has no adequate remedy at law to the goodwill, reputation, and distinctiveness it has built up through considerable expense of time and money in its famous mark. Defendants meanwhile are unfairly trading on the good name of ArcSoft and reaping unlawful and unjust revenue, income, profits, and goodwill from the use of ArcSoft's trademark and trade dress. ArcSoft accordingly seeks injunctive and monetary relief by this action to put an end to Defendants' brazen infringing activities and rampant unjust enrichment, and remedy its significant harm caused by Defendants' illicit actions.

## CLAIM I – FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114 AGAINST EACH DEFENDANT

54.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55.    Without ArcSoft's consent or authorization, Defendants have used, in connection with the sale, offering for sale, provision, distribution, or advertising of their goods or services, marks that

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

18

are likely to cause confusion with the valid and federally registered Perfect365® Mark owned by ArcSoft and in which ArcSoft has senior and priority rights over Defendants, and/or marks that are likely to cause mistake or deception in the minds of consumers as to affiliation, relation, or association of ArcSoft with Defendants or as to the origin, sponsorship, or approval by ArcSoft of Defendants' goods or services. Defendants have thus infringed ArcSoft's trademark.

56.     These acts of trademark infringement have been committed with actual and constructive knowledge of ArcSoft's prior Perfect365® Mark, and with the intent to cause confusion, mistake, or deception. Defendants' acts therefore violate § 32 of the Lanham Act, 15 U.S.C. § 1114.

57.     As a direct and proximate result of Defendants' infringing activities, Plaintiff has suffered and will continue to suffer significant damage in the form of loss of revenue, income, profits, and goodwill, which will increase if not enjoined, and Defendants have unfairly acquired and will continue to unfairly acquire revenue, income, profits, and goodwill at Plaintiff's expense.

58.     Defendants' trademark infringement will also continue to cause irreparable harm if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for all of the harm being caused to Plaintiff, particularly in respect of the loss of Plaintiff's goodwill and market share due to Defendants' infringement. Plaintiff is therefore entitled to and seeks temporary and permanent injunctive relief.

59.     Defendants' infringement of the Perfect365® Mark as alleged hereinabove is an exceptional case and was willful and intentional, entitling ArcSoft to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## CLAIM II – FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a) AGAINST EACH DEFENDANT

60.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61.     As alleged hereinabove, without ArcSoft's consent or authorization, Defendants have used, on or in connection with goods or services, a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with ArcSoft, or as to the

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

origin, sponsorship, or approval of Defendants' goods, services, or commercial activities among consumers and in the relevant industry by, *inter alia*, their offer, provision, and sale of the YouCam Perfect app and promotion thereof under the PERFECT mark, and use of the YouPerfect trademark and other Infringing Marks in connection with photo-editing and imaging software.

62.     These acts of unfair competition have been committed with actual and constructive knowledge of ArcSoft's prior Perfect365® Mark, and with the intent to cause confusion, mistake, or deception. Defendants' acts thus violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer significant damage in the form of loss of revenue, income, profits, and goodwill, which will increase if not enjoined, and Defendants have unfairly acquired and will continue to unfairly acquire revenue, income, profits, and goodwill at Plaintiff's expense.

64.     Defendants' unfair competition will also continue to cause irreparable harm if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for all of the harm being caused to Plaintiff, particularly in respect of the loss of Plaintiff's goodwill and market share due to Defendants' unfair competition. Plaintiff is therefore entitled to and seeks temporary and permanent injunctive relief.

65.     Defendants' unfair competition as alleged hereinabove is an exceptional case and was willful and intentional, entitling ArcSoft to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## CLAIM III – FEDERAL TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a) AGAINST EACH DEFENDANT

66.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 65 of this Complaint as though fully set forth herein.

67.     Without ArcSoft's consent or authorization, Defendants have used, in connection with the sale, offering for sale, provision, distribution, or advertising of their goods or services, trade dress that is likely to cause confusion with the distinctive, nonfunctional, valid Perfect365® Trade Dress owned by ArcSoft and in which ArcSoft has senior and priority rights over Defendants, and/or mistake or deception in the minds of consumers as to affiliation, relation, or association of ArcSoft

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

with Defendants or as to the origin, sponsorship, or approval by ArcSoft of Defendants' goods or services. Defendants have thus infringed ArcSoft's trade dress.

68.     These acts of trade dress infringement have been committed with actual and constructive knowledge of ArcSoft's prior Perfect365® Trade Dress, and with the intent to cause confusion, mistake, or deception. Defendants' acts therefore violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     As a direct and proximate result of Defendants' infringing activities, Plaintiff has suffered and will continue to suffer significant damage in the form of loss of revenue, income, profits, and goodwill, which will increase if not enjoined, and Defendants have unfairly acquired and will continue to unfairly acquire revenue, income, profits, and goodwill at Plaintiff's expense.

70.     Defendants' trade dress infringement will also continue to cause irreparable harm if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for all of the harm being caused to Plaintiff, particularly in respect of the loss of Plaintiff's goodwill and market share due to Defendants' infringement. Plaintiff is therefore entitled to and seeks temporary and permanent injunctive relief.

71.     Defendants' infringement of the Perfect365® Trade Dress as alleged hereinabove is an exceptional case and was willful and intentional, entitling ArcSoft to treble its actual damages and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## CLAIM IV – FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c) AGAINST EACH DEFENDANT

72.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 71 of this Complaint as though fully set forth herein.

73.     ArcSoft's Perfect365® Mark is distinctive and famous within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), as it has attained widespread recognition among the general consuming public of the United States as a designation of source of ArcSoft's goods and services.

74.     Defendants' wrongful and unauthorized conduct alleged hereinabove has diluted or is likely to dilute the distinctive quality of ArcSoft's Perfect365® Mark in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

21

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

75.     As a direct and proximate result of Defendants' acts of dilution, Plaintiff has suffered and will continue to suffer significant damage in the form of loss of revenue, income, profits, goodwill, and distinctiveness, which will increase if not enjoined, and Defendants have unfairly acquired and will continue to unfairly acquire revenue, income, profits, goodwill, and distinctiveness at Plaintiff's expense.

76.     Defendants' unlawful actions will also continue to cause irreparable harm if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for all of the harm being caused to Plaintiff, particularly in respect of the loss of Plaintiff's goodwill, fame, and distinctiveness associated with the Perfect365® Mark due to Defendants' conduct. Plaintiff is therefore entitled to and seeks temporary and permanent injunctive relief.

77.     These acts of dilution by Defendants commenced after ArcSoft's Perfect365® Mark and App had become famous, and have been committed with actual and constructive knowledge of the prior famous Perfect365® Mark, and with the intent to trade upon ArcSoft's reputation and/or cause damage and dilution to ArcSoft's Perfect365® Mark. ArcSoft is thus entitled to actual damages, treble damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1125(c)(5).

## CLAIM V – COMMON LAW TRADEMARK INFRINGEMENT
## AGAINST EACH DEFENDANT

78.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 77 of this Complaint as though fully set forth herein.

79.     ArcSoft has established significant goodwill and favorable public recognition in its distinctive Perfect365® Mark through extensive use of the mark throughout California and in commerce in connection with photo-editing and imaging software and apps.

80.     Without ArcSoft's consent or authorization, and with knowledge of ArcSoft's prior Perfect365® Mark and the goodwill associated therewith, Defendants have used and continue to use the Infringing Marks in connection with the sale, offering for sale, distribution, provision, or advertising of its products, thereby trading upon the goodwill associated with ArcSoft's marks and

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

1    misleading the public into believing a connection or association exists between Defendants'
2    unauthorized products and ArcSoft's products.

3          81.    Defendants' acts of infringement have caused and are likely to cause consumer
4    confusion and to mislead and deceive the consuming public as to the source of Defendants'
5    unauthorized goods or services, enable Defendants to pass off its unauthorized goods or services as
6    ArcSoft's goods or services, and falsely suggest a connection between Defendants and ArcSoft.
7    Defendants' actions thus violate the common law of the State of California.

8          82.    As a direct and proximate result of Defendants' infringing activities, Plaintiff has
9    suffered and will continue to suffer significant damage in the form of loss of revenue, income, profits,
10   and goodwill, which will increase if not enjoined, and Defendants have unfairly acquired and will
11   continue to unfairly acquire revenue, income, profits, and goodwill and unjustly enrich themselves at
12   Plaintiff's expense.

13         83.    Defendants' trademark infringement will also continue to cause irreparable harm if
14   Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no
15   adequate remedy at law for all of the harm being caused to Plaintiff, particularly in respect of the loss
16   of Plaintiff's goodwill and market share due to Defendants' infringement. Plaintiff is therefore
17   entitled to and seeks temporary and permanent injunctive relief.

18         84.    Defendants' infringement was and is tortious, malicious, outrageous, oppressive,
19   fraudulent, made in bad faith, and in conscious disregard of ArcSoft's rights. Accordingly, in addition
20   to general and compensatory damages, ArcSoft should be awarded exemplary, punitive, and treble
21   damages sufficient to punish and make an example of Defendants.

22         **CLAIM VI – TRADEMARK DILUTION UNDER CAL. BUS. & PROF CODE § 14247**
23                        **AGAINST EACH DEFENDANT**

24         85.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 84 of this
25   Complaint as though fully set forth herein.

26         86.    Defendants' above-described unlawful actions, including use of the YouCam Perfect
27   and PERFECT marks in California and in commerce, are likely to cause consumer confusion and

28

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

1  dilution by blurring of the distinctiveness of ArcSoft's famous Perfect365® Mark in violation of Cal.

2  Bus. & Prof. Code § 14247.

3       87.    Defendants have infringed and diluted ArcSoft's Perfect365® Mark with knowledge of

4  ArcSoft's prior mark and intent to cause confusion, deception, mistake, and dilution by blurring.

5       88.    As a direct and proximate result of Defendants' infringing activities, Plaintiff has

6  suffered and will continue to suffer significant damage in the form of loss of revenue, income, profits,

7  goodwill, and distinctiveness, which will increase if not enjoined, and Defendants have unfairly

8  acquired and will continue to unfairly acquire revenue, income, profits, goodwill, and distinctiveness

9  and unjustly enrich themselves at Plaintiff's expense.

10       89.    Defendants' unlawful actions will also continue to cause irreparable harm if

11  Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no

12  adequate remedy at law for all of the harm being caused to Plaintiff, particularly in respect of the loss

13  of Plaintiff's goodwill and market share, and loss of the distinctive quality of Plaintiff's famous mark

14  due to Defendants' infringement and dilution. Plaintiff is therefore entitled to injunctive relief.

15       90.    Defendants' conduct was tortious, malicious, outrageous, oppressive, fraudulent, made

16  in bad faith, and in conscious disregard of ArcSoft's rights. Accordingly, in addition to general and

17  compensatory damages, ArcSoft should be awarded exemplary, punitive, and treble damages

18  sufficient to punish and make an example of Defendants.

19  ### CLAIM VII – UNFAIR COMPETITION UNDER CAL. BUS. & PROF CODE § 17200

20  ### AGAINST EACH DEFENDANT

21       91.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 90 of this

22  Complaint as though fully set forth herein.

23       92.    Defendants' acts of infringement and other unlawful actions alleged hereinabove

24  constitute "unlawful, unfair or fraudulent business act[s] or practice[s] and[/or] unfair, deceptive,

25  untrue or misleading advertising" within the meaning of Cal. Bus. & Prof. Code § 17200.

26       93.    As a direct and proximate result of Defendants' unfair business practices, Plaintiff has

27  suffered and will continue to suffer significant damage in the form of loss of revenue, income, profits,

28  and goodwill, which will increase if not enjoined, and Defendants have unfairly acquired and will

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

continue to unfairly acquire revenue, income, profits, and goodwill and unjustly enrich themselves at Plaintiff's expense.

94.     Defendants' unlawful actions will also continue to cause irreparable harm if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law for all of the harm being caused to Plaintiff, particularly in respect of the loss of Plaintiff's goodwill and market share, and loss of the distinctive quality of Plaintiff's famous mark due to Defendants' practices. Plaintiff is therefore entitled to injunctive relief.

95.     As a consequence of Defendants' actions, ArcSoft is also entitled to an order that Defendants disgorge all profits obtained from the promotion, offer, display, provision, use, or sale of goods or services bearing the Infringing Marks or Infringing Trade Dress, and to exemplary damages sufficient to punish and make an example of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

96.     For an order and judgment that Defendants have infringed ArcSoft's Perfect365® Mark in violation of ArcSoft's rights under federal law, common law, and/or California law.

97.     For an order and judgment that Defendants have unfairly competed with ArcSoft in violation of ArcSoft's rights under 15 U.S.C. § 1125(a), common law, and/or California law.

98.     For an order and judgment that Defendants have infringed ArcSoft's Perfect365® Trade Dress in violation of ArcSoft's rights under federal law, common law, and/or California law.

99.     For an order and judgment that Defendants' actions have diluted or are likely to dilute ArcSoft's famous Perfect365® Mark in violation of ArcSoft's rights under 15 U.S.C. § 1125(c), common law, and or California law.

100.     For an order and judgment that Defendants and their agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through, or under them, be enjoined and restrained, both preliminarily during the pendency of this action and thereafter permanently, from:

a.     Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, providing, or promoting any goods or services, not authorized by or for

*ArcSoft, Inc. v. CyberLink Corp., et al.*
COMPLAINT

25

ArcSoft, in connection with or under any marks, words, symbols, or other designations or trade dress that so resemble ArcSoft's Perfect365® Mark or Perfect365® Trade Dress as to be likely to cause confusion, mistake, or deception, including without limitation the YouCam Perfect app and/or software, the YouPerfect app and/or software, any app and/or software under the PERFECT mark, and any app and/or software under the Infringing Trade Dress;

b. Using any mark, word, term, name, symbol, device, or combination thereof, that causes or is likely to cause dilution by blurring of the Perfect365® Mark, or that is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendants or their goods or services with ArcSoft or its Perfect365® Mark or Perfect365® Trade Dress or as to the origin of Defendants' goods or services, or any false designation of origin, or false or misleading description or representation of fact, including without limitation the Infringing Marks, the Infringing Trade Dress, the term "PERFECT," and the corporate or trade name Perfect Corp.;

c. Further infringing the rights of ArcSoft in and to its Perfect365® Mark and Perfect365® Trade Dress or otherwise damaging ArcSoft's goodwill or business reputation;

d. Competing unfairly with ArcSoft in any manner; and

e. Continuing to perform any other unlawful acts in any manner whatsoever complained of in this Complaint.

101. For an order and judgment that Defendants be required to immediately deliver to ArcSoft's counsel its entire inventory of infringing products, including without limitation any tangible software goods and advertising and promotional material bearing the Infringing Marks, that are in Defendants' possession, custody, or control.

102. For an order and judgment that ArcSoft recover from Defendants its damages and lost profits in an amount to be proven at trial.

103. For an order and judgment requiring an accounting of Defendants' profits, revenues, funds, and assets that have arisen and arise out of their infringing or unlawful activities.

104. For an order and judgment that ArcSoft be awarded the greater of (1) three times Defendants' profits, or (2) three times any damages sustained by ArcSoft, under 15 U.S.C. § 1117, plus prejudgment interest.

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

105. For an order and judgment directing the USPTO to cancel Registration No. 4,713,490, and to refuse registration of Application Serial Nos. 86/630,610 and 86/638,685.

106. For an order and judgment that this case is an exceptional one and that ArcSoft be awarded its fees, costs, expenses, and disbursements incurred in relation to this action, including its reasonable attorneys' fees and investigative expenses.

107. For an order and judgment sustaining each of the causes of actions set forth herein against Defendants.

108. For an order and judgment requiring Defendants to pay such other damages and monetary relief as the Court deems fit under the circumstances, or as may be sought by Plaintiff according to proof at trial.

109. For any and all other relief as the Court deems just and reasonable.

Respectfully submitted,

Dated: August 13, 2015

By: */s/ Otto O. Lee*
Otto O. Lee, Esq.
Kevin Viau, Esq.
Bonnie J. Wolf, Esq.
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113
Telephone: (408) 286-8933
Facsimile: (408) 286-8932

*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury in this action.


Respectfully submitted,


Dated: August 13, 2015

By: */s/ Otto O. Lee*

Otto O. Lee, Esq.
Kevin Viau, Esq.
Bonnie J. Wolf, Esq.
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113
Telephone: (408) 286-8933
Facsimile: (408) 286-8932

*Attorneys for Plaintiff*