UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CYBERLINK CORP., et al., <br><br> Defendants. | Case No. 15-cv-03707-WHO <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION** <br><br> Re: Dkt. No. 63 |

**INTRODUCTION**

This is a trademark infringement action involving competing self-portrait photo ("selfie") editing applications ("apps"). Plaintiff ArcSoft, Inc. ("ArcSoft") is the developer of the "Perfect365" selfie-editing app. It accuses defendants Cyberlink Corp. and its two subsidiaries (collectively, "Cyberlink") of infringing the trademarks and trade dress embodied in the Perfect365 app by, among other things, using and marketing their "YouCam Perfect" selfie editing app. Cyberlink moves to dismiss ArcSoft's third cause of action for trade dress infringement under 15 U.S.C. § 1125(a). It asserts that the cause of action is defective because, shortly after ArcSoft filed this action, Cyberlink changed the appearance of its app and voluntarily abandoned the allegedly infringing trade dress. Cyberlink also asserts that ArcSoft has not plausibly alleged inherent distinctiveness, secondary meaning, or nonfunctionality.

Oral argument on this motion is unnecessary, and the hearing set for March 9, 2016 is VACATED. Cyberlink's voluntary abandonment of the allegedly infringing trade dress does not moot the trade dress cause of action, and ArcSoft's allegations regarding the asserted trade dress are sufficient to withstand a motion to dismiss. Cyberlink's motion is DENIED.

**BACKGROUND**

ArcSoft filed its original complaint on August 13, 2015 and moved for a preliminary injunction shortly thereafter. Dkt. Nos. 1, 10. The original complaint brought seven causes of action against Cyberlink: (1) federal trademark infringement under 15 U.S.C. § 1114; (2) federal unfair competition under 15 U.S.C. § 1125(a); (3) federal trade dress infringement under 15 U.S.C. § 1125(a); (4) federal trademark dilution under 15 U.S.C. § 1125(c); (5) state common law trademark infringement under California law; (6) state trademark dilution under California Business & Professions Code § 14247; and (7) unfair competition under California Business & Professions Code § 17200. Dkt. No. 1 ¶¶ 54-95 (Dkt. No. 1). Cyberlink moved to dismiss the third, fourth, and sixth causes of action. Dkt. No. 40. On December 28, 2015, I issued an Order granting the motion to dismiss with leave to amend and denying the motion for a preliminary injunction. Dkt. No. 60 ("Prior Order").

ArcSoft filed its first amended complaint ("FAC") on January 15, 2016. Dkt. No. 61. The FAC drops the causes of action for federal and state trademark dilution but otherwise brings the same causes of action as the original complaint. *See id.* ¶¶ 55-84.

Cyberlink moved to dismiss on January 29, 2016. Dkt. No. 63 ("Mot."). Its motion is aimed only at the third cause of action, for federal trade dress infringement under 15 U.S.C. § 1125(a). In dismissing that cause of action in the Prior Order, I stated, "At the very least, ArcSoft must specifically identify, in its complaint, the particular aspects of the Perfect365 app that it claims amount to the protectable trade dress that defendants have infringed." Prior Order at 15. Cyberlink does not dispute that ArcSoft has complied with this directive. It contends that the trade dress cause of action nevertheless fails for three reasons: (1) the cause of action is based on a version of Cyberlink's app that is no longer in use; (2) ArcSoft has not adequately alleged inherent distinctiveness or secondary meaning; and (3) ArcSoft has not adequately alleged

1  nonfunctionality. *See, e.g.,* Mot. at 1.[1]

2  According to a declaration Cyberlink filed in conjunction with the briefing on the motion
3  for a preliminary injunction, Cyberlink released the current version of its app on August 26, 2015,
4  approximately two weeks after ArcSoft filed its original complaint. Su Decl. ¶ 7 (Dkt. No. 45).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While a complaint "need not contain detailed factual allegations" to survive a Rule 12(b)(6) motion, "it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

In considering whether a claim satisfies this standard, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to

---

[1] In conjunction with its motion to dismiss, Cyberlink submits an unopposed request for judicial notice of two documents. Dkt. No. 64. Its request for judicial notice of the transcript of the December 16, 2015 hearing in this case is GRANTED, although it is advised for future reference that it need not request judicial notice of a transcript of a hearing previously held in the same case – an accurate citation will suffice. Its request for judicial notice of the screenshot from the Apple iTunes App Store is DENIED.

3

avoid a Rule 12(b)(6) dismissal." *Cousins*, 568 F.3d at 1067 (internal quotation marks omitted). "[I]t is within [the court's] wheelhouse to reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

**DISCUSSION**

Cyberlink's arguments do not justify dismissal of ArcSoft's trade dress cause of action. Cyberlink first contends that the cause of action is defective because it is based on a version of Cyberlink's app that is no longer in use. *See* Mot. at 7-9; Reply at 2-4 (Dkt. No. 66). As a result, Cyberlink argues, ArcSoft request for injunctive relief for trade dress infringement is now moot.

There are several problems with this argument. First, while the "cessation of the unlawful conduct can moot" a claim for injunctive relief, "the reform of the defendant must be irrefutably demonstrated and total." *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135 (9th Cir. 1986) (internal quotation marks omitted) (reversing the district court's refusal to grant permanent injunctive relief in a trademark infringement action). Cyberlink, as the party asserting mootness because of "voluntary compliance," has the "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). Cyberlink has not attempted to make this showing, much less succeeded in making it.

Further, ArcSoft is seeking not only injunctive relief for Cyberlink's alleged trade dress infringement, but also damages under 15 U.S.C. § 1117. *See* FAC ¶¶ 72, 85-97. Cyberlink identifies no reason why ArcSoft would not be entitled to damages if it were to prevail on its trade dress infringement claims. Even if ArcSoft's request for injunctive relief were moot, its trade dress cause of action could still go forward. *See Z Channel Ltd. P'ship v. Home Box Office, Inc.*, 931 F.2d 1338, 1341 (9th Cir. 1991) ("If [plaintiff] is entitled to collect damages in the event that it succeeds on the merits, the case does not become moot even though declaratory and injunctive relief are no longer of any use."); *see also Cano v. Taylor*, 739 F.3d 1214, 1217 (9th Cir. 2014).

Finally, ArcSoft's trade dress infringement claims are based in part on the trade dress embodied in the icon for its app. *See* FAC ¶ 26b. The FAC describes the app icon as "so

4

1  distinctive and essential an element of ArcSoft's comprehensive trade dress throughout the app
2  that the app icon is additionally, in and of itself, an entirely protectable trade dress standing on its
3  own." *Id.* The FAC accuses Cyberlink of using "a highly similar app icon featuring ArcSoft's
4  distinctive purple and similar flower design." *Id.* ¶ 43. ArcSoft asserts, and Cyberlink does not
5  dispute, that Cyberlink continues to use the same allegedly infringing app icon. *See* Opp. at 3 n.3
6  (Dkt. No. 65). To the extent that ArcSoft's trade dress cause of action is based on the trade dress
7  embodied in its app icon "standing on its own," FAC ¶ 26b, ArcSoft's request for injunctive relief
8  is not impacted by Cyberlink's voluntary abandonment of its previous app design.

9  Cyberlink's arguments regarding the protectability of ArcSoft's asserted trade dress are
10 also unpersuasive at this early juncture. Courts in this circuit generally allow trade dress plaintiffs
11 to proceed past the pleading phase so long as they have clearly defined their asserted trade dress,
12 such that the complaint gives adequate notice to the defendant. *See, e.g., Lepton Labs, LLC v.
13 Walker*, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014) ("So long as a plaintiff has alleged a
14 complete recitation of the concrete elements of its alleged trade dress, it should be allowed to
15 proceed."); *Touchpoint Commc'ns, LLC v. Dentalfone, LLC*, No. 15-cv-05240-JRC, 2016 WL
16 525932, at *4 (W.D. Wash. Feb. 10, 2016) (quoting same); *see also* Prior Order at 14-15 (citing
17 cases); *Calyx Techs., Inc. v. Ellie Mae, Inc.*, No. 04-cv-01640-SI, 2004 WL 2075446, at *2-3
18 (N.D. Cal. Sept. 3, 2004). Cyberlink does not dispute that ArcSoft's FAC satisfies this
19 requirement. There are undoubtedly circumstances where the protectability of an asserted trade
20 dress is so implausible or so conclusorily pleaded that dismissal is appropriate no matter how
21 clearly the elements of the asserted trade dress have been defined. But Cyberlink has not shown
22 that this is such a case.[2] Its attacks on the distinctiveness and nonfunctionality of ArcSoft's
23 asserted trade dress come too early in these proceedings. It may raise them again once the parties

---

[2] In the Prior Order, in ruling on ArcSoft's preliminary injunction request, I described ArcSoft's chances of establishing each element of its trade dress infringement claims as "extremely low based on the current record." Prior Order at 15 n.7. The standard on a Rule 12(b)(6) motion to dismiss is different than on a motion for a preliminary injunction, and I do not prejudge what the developed record will show after discovery. ArcSoft's trade dress allegations are sufficient to proceed past the pleading phase.

United States District Court
Northern District of California

have had an opportunity for discovery and a factual record has been developed.[3]

## CONCLUSION

Cyberlink's motion to dismiss is DENIED.  It shall answer the FAC within ten days of the date of this Order.

**IT IS SO ORDERED**.

Dated: March 7, 2016



WILLIAM H. ORRICK
United States District Judge

---

[3] Cyberlink also asks that ArcSoft's trade dress cause of action be dismissed to the extent that it is based on the current version of Cyberlink's app, as ArcSoft effectively concedes in its briefing that the current version does not infringe the asserted trade dress.  *See* Reply at 4.  I do not read the FAC as attacking the current version of Cyberlink's app.  ArcSoft will need to seek leave to amend the FAC to assert such a claim.